IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOHN MONTI,**

      **Plaintiff,**

v.                                                  Case No. 3:24-cv-00714

**WEST VIRGINIA TECHNOLOGY CENTER,
FRONTIER WIMAX,
MILDRED MITCHELL-BATEMAN HOSPITAL,
and DR. GAAL,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff John Monti, proceeding *pro se*, seeks relief under 42 U.S.C. § 1983 for alleged violations of his rights at the Mildred Mitchell-Bateman Hospital. For the following reasons, the undersigned **FINDS** that Plaintiff's claims for injunctive relief are moot, and he fails to state a claim upon which relief can be granted. For the following reasons, the undersigned **DENIES** Plaintiff's Motion to Extend Time, (ECF No. 13), and respectfully **RECOMMENDS** that Plaintiff's motions for injunctive relief be denied, (ECF Nos. 3, 5); Defendants' motion to dismiss and join in motion to dismiss be **GRANTED**, (ECF Nos. 15, 17); Plaintiff's letter-form Petition to Enjoin, (ECF No. 2), be **DISMISSED**; and that this matter be **REMOVED** from the docket of the Court.

**I.   Relevant History**

    *A. Petitions to Enjoin*

On December 12, 2024, Plaintiff instituted this action by filing two substantively identical documents entitled "Petition to Enjoin" in which Plaintiff stated that he was

1

"unlawfully detained at the Mildred Bateman Hospital" where he was the focal point of advanced neurological research. (ECF Nos. 2 at 1, 3 at 1). Plaintiff claims that he is a "DARPA research subject who works in cyber engineering for the intelligence community," "is equipped with neuro-body and neuro-morphic implants," and "is government property." (*Id.*). He further asserts that he "is incarcerated inside the Bateman Hospital where they illegally allow patients and staff to connect to his medical devices." (*Id.* at 2). Thus, Plaintiff "is looking to respectfully compel the courts to enjoin all respondents by precluding immediately them from eavesdropping trap and trace and telephony [sic] communication devices/signals from communicating notwithstanding the contrary, humans and suchlike." (*Id.*). Plaintiff "asks the same temporary restraining order be placed by injunction and temporary injunction and all respondents pay $150,000 a day in damages and violations of the Telecommunications Act." (*Id.*).

### B. *Motion to Enjoin*

On December 20, 2024, Plaintiff filed a document entitled "Motion to Enjoin" in which he "moves the Court to temporarily restrain and enjoin the respondents as an organization where Doctor Gaal represents the Mildred Bateman Hospital as the Medical Director as the named Respondent." (ECF No. 5 at 1). In continuation, he requests that the Court "restrain all entities from allowing and connecting their customers, patients, agencies, all entities and suchlike notwithstanding telephony [sic], telecommunications, mobile telephonic devices, nucleas, assistive technologies and suchlike; from contacting and connecting to Monti and his persons who owns and possess military property, notwithstanding medical devices, neuromorphic implants." (Id.). He further asserts that the "Department of Defense protects Monti from unlawful research and infringement of his privacy and bodily integrity under the common law rule CFR 45.46 (no notification

2

and no [illegible word] and the DOD directive under human research and neural implants." (*Id.*).

### C. Motion to Extend Time

Plaintiff never served Defendants West Virginia Technology Center or Frontier Wimax in this matter. He was ordered to provide addresses to the Clerk of Court on or before May 26, 2025. (ECF No. 9). He filed a Motion to Extend Time, seeking more time to comply with the "5/25/25" deadline. (ECF No. 13). This motion presumably refers to the deadline to provide addresses for the defendants because no other similar deadline has been imposed by the Court. The undersigned ordered Plaintiff to provide a memorandum to the Court on or before June 13, 2025, (1) specifically explaining why he cannot comply with the Court's Order to provide addresses for the Defendants at this time and (2) stating how long of an extension he seeks. (ECF No. 14 at 1). Plaintiff never responded to the Order.

### D. Motion to Dismiss

Jordan Gaal, D.O. ("Defendant Gaal"), filed a motion to dismiss, which Mildred Mitchell-Bateman Hospital seeks to join. (ECF Nos. 15, 16). Defendants argue that Plaintiff's petition and motion to enjoin are moot because Plaintiff was released from Mildred-Mitchell Bateman Hospital on December 27, 2024, and he has not received any further treatment by the hospital or its staff. (ECF No. 16 at 3). In addition, Defendants contend that Plaintiff fails to state a claim upon which relief can be granted. (*Id.*).

### E. Gaal Affidavit

Defendant Gaal's sworn affidavit is attached to the motion to dismiss. Defendant Gaal states that Plaintiff was involuntarily committed to Mildred Mitchell-Bateman Hospital, a psychiatric hospital in Huntington, West Virginia, from November 22, 2024,

through December 27, 2024. (ECF No. 15-1 at 1). Defendant Gaal confirms that she was the Medical Director of Mildred Mitchell-Bateman Hospital at the relevant times in this action. (*Id.*). However, Defendant Gaal attests that she was not a part of Plaintiff's treatment team. (*Id.*). According to Defendant Gaal, Plaintiff has not received any futher treatment from Mildred Mitchell-Bateman Hospital or its staff since his involuntary commitment ended on December 27, 2024. (*Id.*).

## II.   Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). In resolving the motion, the court must assume that the facts alleged in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). However, "[the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. When analyzing a Rule 12(b)(6)

motion, the court may consider any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 428 (4th Cir. 2022) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

This action must be dismissed for multiple reasons. Plaintiff's claims are moot, and he fails to state a viable claim.

#### A. Mootness

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversaries." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). Mootness is jurisdictional; thus, the court must consider it even when no party has raised the issue. *United States v. Ketter,* 908 F.3d 61, 65 (4th Cir. 2018). In this case, Defendants have raised the issue in their motion to dismiss. "To be justiciable under Article III of the Constitution, the conflict

between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided." *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983). If circumstances change over the course of the lawsuit such that the controversy no longer exists, the federal courts are powerless to decide the case. *Reed,* 719 F.2d. at 694 (4th Cir. 1983). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969).

When Plaintiff filed this case, he claimed that he was "unlawfully detained at Mildred Bateman Hospital." (ECF No. 2 at 1). He asked the Court to enjoin "respondents" from allowing patients and staff at the hospital to connect to medical devices in Plaintiff's body. Such claims for injunctive relief are moot because Plaintiff is no longer a patient at Mildred Mitchell-Bateman Hospital. *See* (ECF Nos. 8, 15-1). Concerning the jurisdictional issue of whether the petition is moot, the Court can consider evidence outside of the pleadings without converting Defendants' motion to a motion for summary judgment. *See, e.g., Baxter v. Young,* No. 5:19-CV-00261, 2019 WL 8754950, at *3 (S.D.W. Va. Dec. 5, 2019), *report and recommendation adopted,* 2020 WL 2475952 (S.D.W. Va. May 13, 2020).

An exception to the mootness doctrine exists for claims that are "capable of repetition, yet evading review." *Federal Election Commission v. Wisconsin Right to Life, Inc.,* 551 U.S. 449, 462 (2007). However, "[j]urisdiction on the basis that a dispute is capable of repetition, yet evading review is limited to the exceptional situation in which (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Incumaa*, 507 F.3d at 289 (internal quotation

marks and citations omitted).

Plaintiff does not argue that his claims are "capable of repetition, yet evading review," nor would he likely to succeed on such an argument. In order to qualify under this exception, it must be reasonably expected that Plaintiff will be involuntarily committed to the same psychiatric hospital and subjected to the same alleged constitutional violations. This chain of events is far too speculative to establish a reasonable expectation that Plaintiff will again face the conditions that he alleges occurred at Mildred Mitchell-Bateman Hospital. Accordingly, the undersigned **FINDS** that Plaintiff's claims have been rendered moot by his release from Mildred Mitchell-Bateman Hospital and that no exception to mootness exists.

### B. *Failure to State a Claim*

To any extent that Plaintiff seeks money damages,[1] or the district court determines that his claims are not moot, his petition for injunctive relief must nonetheless be dismissed because he fails to state a claim upon which relief can be granted.

#### 1. West Virginia Technology Center and Frontier Wimax

Plaintiff does not assert any facts concerning the named defendants West Virginia Technology Center and Frontier Wimax. (ECF No. 2). Therefore, he clearly fails to state a claim against them. Moreover, this is not a flaw that could be cured by an amended pleading because, even if Plaintiff adds details regarding how these defendants supposedly violated his rights, private businesses such as the named defendants herein are not amenable to suit under § 1983. "Section 1983 creates a private right of action

---

[1] Defendants argue that Plaintiff does not seek monetary damages, and, rather, his reference to "$150,000 a day in damages" refers to a possible penalty for any violations of the injunction that Plaintiff seeks. (ECF No. 16 at 6). It is not clear from the petition. Thus, the undersigned construes Plaintiff's statements as much as possible in Plaintiff's favor.

against any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Allen v. Deel*, No. 4:20CV00038, 2021 WL 1108601, at *1 (W.D. Va. Mar. 23, 2021) (citing 42 U.S.C. § 1983) (cleaned up). To be actionable, the wrongs must have been committed by a "person" who is a "state actor" or someone with a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Id*. None of those facts are alleged here. Therefore, the undersigned **FINDS** that such defendants should be dismissed from this action, and Plaintiff's motion to extend the time to provide addresses at which they can be served is **DENIED** as moot. (ECF No. 13).

### 2. Mildred Mitchell-Bateman Hospital

The same reasoning applies regarding the hospital defendant, which is operated by the West Virginia Department of Health and Human Resources (DHHR). Even though Mildred Mitchell-Bateman Hospital is a state psychiatric hospital, it is simply a building or group of buildings, not a "person" subject to suit under 42 U.S.C. § 1983. *Cook v. Mildred Mitchell Bateman Hosp.*, No. 3:15-CV-10569, 2017 WL 1505610, at *3 n.2 (S.D.W. Va. Mar. 31, 2017). DHHR is a state agency, which is also not a "person" under the statute. *Woods v. Bennett*, No. CIV.A. 2:12-03592, 2013 WL 4779018, at *4 (S.D.W. Va. Sept. 5, 2013).

Moreover, even if Plaintiff were to amend his complaint to identify a "person" from the hospital or DHHR who allegedly violated his rights, his allegations are so implausible that he fails to state any potential claim upon which relief can be granted. Plaintiff alleges that he is a government research subject and individuals in the psychiatric hospital are

tapping into the neural devices in his body without authorization. He is proceeding *in forma pauperis* under 28 U.S.C. § 1915. (ECF Nos. 1, 9). "[U]nder 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss any case in which the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *Burnley v. Durham*, No. 3:18-CV-404, 2019 WL 3728268, at *7 (E.D. Va. Aug. 7, 2019), *aff'd,* 788 F. App'x 193 (4th Cir. 2019). "Section 1915(e)(2)(B)(i) permits courts to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* (citations and markings omitted). "Claims are frivolous when they describe fantastic or delusional scenarios, or are "so nutty, delusional, or wholly fanciful as to be simply unbelievable." *Id.* (cleaned up). Plaintiff's claims precisely meet that definition and fail to offer any potential avenue for relief. Therefore, the undersigned **FINDS** that Mildred Mitchell-Bateman Hospital should be dismissed.

### 3. Dr. Gaal

Finally, Plaintiff does not assert any specific allegations against Defendant Gaal. His only real reference to her is that she is the Medical Director of Mildred Mitchell-Bateman Hospital. (ECF No. 5 at 1). There is no *respondeat superior* liability under § 1983. *Wilson v. United States*, 332 F.R.D. 505, 518 (S.D.W. Va. 2019). In other words, Defendant Gaal cannot be held liable solely because her employees allegedly committed a tort. *Id.* While supervisory liability exists under § 1983, Plaintiff does not allege any facts that Defendant Gaal acted personally in depriving him of his rights; that she was responsible for an official policy or custom that resulted in the alleged violations of Plaintiff's rights; or that she had actual or constructive knowledge that her subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, her response to that knowledge was so inadequate as to

9

show "deliberate indifference" to or tacit authorization of the alleged offensive practices, and there was an "affirmative causal link" between Defendant Gaal's inaction and the particular constitutional injury suffered by Plaintiff. *Id.* (citations omitted). Therefore, Plaintiff does not assert any cognizable claim against Defendant Gaal. The undersigned **FINDS** that Defendant Gaal should be dismissed.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned **FINDS** that Plaintiff's claims for injunctive relief are moot, and he fails to state a claim upon which relief can be granted. The undersigned **DENIES** Plaintiff's Motion to Extend Time, (ECF No. 13), and respectfully **RECOMMENDS** that Plaintiff's motions for injunctive relief be denied, (ECF Nos. 3, 5); Defendants' motion to dismiss and join in motion to dismiss be **GRANTED**, (ECF No. 15, 17); Plaintiff's letter-form Petition to Enjoin, (ECF No. 2), be **DISMISSED**; and that this matter be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de*

10

*novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Robert C. Chambers, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED**: July 11, 2025

_____
Joseph K. Reeder
United States Magistrate Judge